[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10276
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00268-CEM-KRS-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAYONE LEFFERIO BELL,
a.k.a. Trayone Lafferio Bell,
a.k.a. Trayon Lefferio Bell,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 17, 2018)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

A jury found Trayone Bell guilty of six federal crimes involving identity theft and tax fraud. He challenges his convictions on the ground that his verdict form violated his right to due process because it listed "guilty" before "not guilty."

## I.

An investigation by law enforcement revealed that Bell had submitted false tax returns in other people's names and collected their refunds. He used their stolen social security numbers and other identifying information to fill out the returns and requested that the government issue the refunds as debit cards. He was charged with one count of knowing possession of 15 or more counterfeit and unauthorized access devices with intent to defraud, in violation of 18 U.S.C. § 1029(a)(3), (c)(1)(A)(i); one count of knowing transfer, possession, and use of another person's identification, in violation of 18 U.S.C. § 1028A(a)(1); two counts of knowing and willful embezzlement, theft, purloin, and conversion of another person's tax refund, in violation of 18 U.S.C. §§ 641 and 2; and two counts of knowing transfer, possession, and use of another person's social security number to steal public money, in violation of 18 U.S.C. § 1028A(a)(1) and (2).

The case proceeded to trial. Before closing arguments, the district court held a charge conference to finalize the jury instructions and the verdict form. At that conference, Bell objected to the format of the verdict form because for each charge it listed "guilty" before "not guilty." He argued that the order of the verdict

2

options should be flipped to reflect his presumption of innocence. The court overruled the objection and submitted the verdict form as drafted. The jury found Bell guilty on all six counts and the court sentenced him to 174 months in prison.

## II.

Bell contends that listing "guilty" before "not guilty" on the verdict form deprived him of due process. We apply the same standard of review to verdict forms that we do to jury instructions. McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1072 (11th Cir. 1996). That means we review de novo the legal accuracy of a verdict form "but defer on questions of phrasing absent an abuse of discretion." United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). A verdict form will warrant reversal in only two circumstances: (1) if the "issues of law were presented inaccurately," or (2) if the form "improperly guided the jury in such a substantial way as to violate due process." Id. (quotation marks omitted).

Bell argues that reversal is proper here because the verdict form undermined his presumption of innocence and lessened the government's burden of proof. He offers two reasons why. First he claims that by listing "guilty" before "not guilty," the form required the jurors to decide whether he committed a crime before it prompted them to consider whether he was innocent, which he claims relieved the government of its burden to overcome his presumption of innocence. Second he asserts that jurors are predisposed to select the first option that they are presented

3

with, so listing "guilty" first forced him to overcome the jurors' inherent bias even though the government bore the burden of proof.[1]  We are not persuaded.

When deciding whether a verdict form accurately presented the law and properly guided the jury, we review the form's language in conjunction with the rest of the district court's jury instructions.  United States v. Poirier, 321 F.3d 1024, 1032 (11th Cir. 2003).  The question is not whether a single clause is "inaccurate, ambiguous, incomplete, or otherwise subject to criticism," but whether the verdict form and jury instructions, when "considered as a whole," sufficiently informed the jury so that they "understood the issues and were not misled."  Id. (quotation marks omitted).

The verdict form in Bell's case did not inaccurately state the law about the government's burden of proof or his presumption of innocence.  Nor did the order of "guilty" and "not guilty," when viewed in light of the rest of the court's instructions, improperly guide the jury "in such a substantial way as to violate due

---

[1] To support that argument, Bell cites to an academic study purporting to show that "on a deep, automatic level of human cognition, firsts are consistently preferred and chosen."  See Dana R. Carney & Mahzarin R. Banaji, First is Best, PLoS ONE, June 27, 2012, at 3, https://journals.plos.org/plosone/article/file?id=10.1371/journal.pone.0035088&type=printable. The authors of the study did, however, expressly distinguish between "automatic" and "deliberative" cognition and explain that their research "suggest[s] it is on measures of automatic cognition that firsts may deliver their impact more consistently."  Id. at 4.  When it comes to "controlled processing," the authors stated that "other influences can (as they rationally should) override the automatic reliance on the first."  Id.  Though neither Bell nor the authors explain whether jury deliberations fall into the "automatic" or "deliberative" category, no one could seriously argue that jury deliberations are not deliberative.  So even if we did find the study persuasive, it does not apply here.  And for the reasons we explain below, the verdict form did not mislead the jury.

process."  Prather, 205 F.3d at 1270 (quotation marks omitted); see also Francis v. Franklin, 471 U.S. 307, 315, 105 S. Ct. 1965, 1971 (1985) ("If a specific portion of the jury charge, considered in isolation, could reasonably have been understood as creating a presumption that relieves the State of its burden of persuasion on an element of an offense, the potentially offending words must be considered in the context of the charge as a whole.").

Before deliberations began, the district court thoroughly instructed the jurors about how the burden of proof and presumption of innocence work in criminal cases.  It made clear that the indictment charging Bell was "not evidence of guilt," that the law "presumes every defendant is innocent" until the government proves otherwise, and that Bell did not "have to prove his innocence" or "produce any evidence at all" to be acquitted.  The court told the jurors that their job was to "decide whether the government ha[d] proved the specific facts necessary to find the defendant guilty beyond a reasonable doubt," and it explained what "beyond a reasonable doubt" meant.  And the court instructed the jurors that if they did not think the government had met its burden, they had to find Bell not guilty.  The court also reminded the jurors several times that their decision had to be "based only on the evidence presented during the trial" and that they were required to "follow the law" as the court explained it.

5

Those instructions correctly charged the jury about the government's burden of proof and Bell's presumption of innocence. And we presume that the jury followed those instructions. See United States v. Roy, 855 F.3d 1133, 1186 (11th Cir. 2017) (en banc) ("[T]he Supreme Court has repeatedly held that we must presume that juries follow their instructions."). So even if listing "guilty" before "not guilty" on a verdict form could, as Bell contends, be viewed as deficient or misleading, the rest of the court's instructions resolve any doubt over whether the jury understood who had to prove what at his trial. Cf. Cupp v. Naughten, 414 U.S. 141, 148, 94 S. Ct. 396, 401 (1973) (holding that a jury instruction did not "impliedly place[] the burden of proof" on the defendant where "the State's burden of proof was emphasized and re-emphasized in the course of the complete jury instructions"); Chandler v. Moore, 240 F.3d 907, 912–13 (11th Cir. 2001) ("[O]ne comment, standing alone, did not deprive [the defendant] of his presumption of innocence, especially in light of the court's several explanations regarding the concepts of presumption of innocence and the State's burden of proof.").

Because the verdict form and jury instructions, when considered together, did not improperly guide the jury to ignore Bell's presumption of innocence or convict him absent proof beyond a reasonable doubt, no reversible error occurred.

**AFFIRMED.**

6